# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| TERRENCE M. NORTON, in his capacity as Personal Representative of the Estate of MICHAEL SEAN NORTON | ) ) ) ) | |
| Plaintiff, | ) | Docket no. 2:10-cv-287-GZS |
| | ) | |
| v. | ) ) | |
| CITY OF SOUTH PORTLAND, et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER ON MOTION FOR SANCTIONS

Before the Court is Plaintiff's Motion for Sanctions (Docket # 34).  Via this Motion, Plaintiff seeks reasonable attorney's fees for the time required to respond to Defendants' Statement of Material Fact.

Defendants filed their Motion for Summary Judgment on March 14, 2011.  As required by Local Rule 56, Defendants' filing included a Statement of Materials Facts (Docket # 13), which totaled 62 pages and included 484 separately number paragraphs.  Plaintiff asserts that this lengthy Statement of Material Facts needlessly increased the cost of this litigation because it did not comply with Local Rule 56's requirements that the supporting statement of material facts be "short and concise."

In response to the Motion for Sanctions, Defendants acknowledge that Local Rule 56 "generally contemplates statements of material fact that are shorter and more concise than that which was filed by Defendants." (Defs. Response (Docket # 39) at 5.)  However, they note that

Plaintiff admitted nearly eighty percent of the paragraphs and also that Plaintiff abandoned three of the four counts of his Complaint after reviewing Defendants' Motion for Summary Judgment.

The Court notes at the outset that it is not clear that Plaintiff has complied with the safe harbor provisions contained in Rule 11(c)(2), which required Plaintiff to serve his Motion for Sanctions on Defendant 21 days prior to filing it on the docket.  On April 4, 2011, which was exactly 21 days after the filing of Defendants' Statement of Material Facts, Plaintiff simultaneously filed his Response to the Motion for Summary Judgment (Docket # 33), including his response to the Statement of Material Facts (Docket #s 23-32) and his Motion for Sanctions.  Notably, the Certificate of Service attached to the Motion for Sanctions indicates only that the Motion is being served via filing on CM/ECF.

In addition to Plaintiff's apparent failure to comply with Rule 11(c)(2), Plaintiff's own Response to the Motion for Summary Judgment (Docket # 33) failed to comply with the applicable 20-page limit and was not preceded by the required motion to exceed page limits.  See D. Me. Local R. 7(e).  In the Court's view, Plaintiff, as the party moving for sanctions based on failure to comply with the rules, has exhibited a similar failure.

By any measure, the filings in connection with the Motion for Summary Judgment, particularly Defendants' Statement of Material Facts (Docket # 13), were unnecessarily voluminous.  The result is that it has taken the Court longer than usual to issue a decision.  The Court's decision to deny the Motion for Sanctions should not be viewed as an endorsement of the submissions made to this Court in connection with the Motion for Summary Judgment.  It is clear to the Court that counsel for both sides could have saved themselves and this Court significant time by conferring prior to the filing of summary judgment and seeking to enter into various stipulations and/or the voluntary dismissal of now-abandoned claims.

"[T]he purpose of Rule 11 sanctions is to deter rather than to compensate."  1993 Adv. Comm. Note to Fed. R. Civ. P. 11, 146 F.R.D. 401, 587 (1993).  In the Court's view, this Order, combined with the extra time expended by counsel in briefing this Motion as well as the Motion for Summary Judgment, serves as adequate deterrence to prevent future unnecessarily voluminous filings.  Additionally, the Court expects that the newly adopted process laid out in Local Rule 56(h) will prevent counsel from repeating the filing errors made in this case.

Therefore, in an exercise of its discretion, the Court hereby DENIES Plaintiff's Motion for Sanctions (Docket # 34).

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 9th day of December, 2011.